[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the above captioned matter is thirty-three and the defendant is thirty-seven. The parties married on October 15, 1994. They lived together in the marital state for approximately three and a half years. It is a second marriage for both and there are no children issue of the marriage. The Court has the requisite jurisdiction and the marriage is dissolved on the grounds of irretrievable breakdown.
The Court has carefully considered all of the statutory criteria enumerated in Connecticut General Statutes §§ 46b-81(c) and 46b-82 in entering its orders in this matter.
In view of the short duration of the marriage, the issue of fault for the breakdown of the marriage is not significant, but it has been considered by the Court in its decision. The defendant has since before the marriage and subsequent to the marriage used marijuana extensively. This creates a potential serious problem with plaintiff's employer, the fire department in Danbury, where plaintiff is a lieutenant. Defendant has severe depression, has lost weight and has been out of work for approximately three weeks commencing on June 13, 1999, shortly after a special masters pretrial. She has applied for short term disability from her employer. The disability payments approximate $200 per week. Defendant also admits to having slept with her diving instructor in February of 1998 when both parties were on a CT Page 11493 vacation trip to Cozumel, Mexico; nor is the plaintiff without fault. The testimony before the Court is that he participated in sexual activities that need not be graphically detailed. Although neither party is without fault, it is the Court's finding that the defendant bears the major burden of responsibility for the marriage breakdown.
 ORDERS
1. The marriage shall be dissolved on the grounds of irretrievable breakdown.
2. Neither party shall pay to the other any sum as and for alimony.
3. The parties are joint owners of the marital residence located at 13 Fieldstone Drive in Newtown. The defendant shall transfer her interest in said property to the plaintiff by way of a quitclaim deed upon the defendant paying to her the sum of $12,300. Said transfer shall take place within sixty days of the date of judgment. From the date of the dissolution of this marriage, plaintiff shall be responsible for all mortgage payments, real estate taxes and insurance on this property, and shall hold the defendant harmless from any liability whatsoever. Plaintiff shall be required to relieve the defendant from any legal obligations defendant may have relating to said property within twenty-four months from the date of the dissolution of marriage, including refinancing of same, if necessary.
4. The parties are also joint owners of the real property located at 25 Bear Hills Road, Newtown, Connecticut. The plaintiff shall transfer his interest in this property to the defendant by way of quitclaim deed within fifteen days from the date of dissolution of this marriage. From the date of the dissolution of marriage, the defendant shall be responsible for all mortgage payments, real estate taxes and insurance on this property, and shall hold the plaintiff harmless from any liability whatsoever. The defendant shall be required to relieve the plaintiff from any legal obligation plaintiff may have relating to said property within twenty-four months from the date of the dissolution of marriage, including refinancing of same, if necessary.
5. The parties shall have no claim to the other party's pension plan, 401K plan and/or deferred compensation plan. CT Page 11494
6. Neither party shall pay to the other any sum as and for counsel fees or costs related to this action.
7. The defendant shall retain the 1992 Chevrolet Corsica and 1989 Dodge Omni automobiles, and 1978 Harley-Davidson motorcycle she presently operates. The plaintiff shall execute any documents necessary to effectuate this order.
8. The plaintiff shall retain his 1991 Dodge automobile and 1978 Harley-Davidson low rider motorcycle.
9. Defendant shall receive all of the parties jointly owned Harley-Davidson stock (approximately ten shares). The plaintiff shall execute whatever documents are necessary to effectuate this order.
Owens, J.